THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| THE BROWN SCHOOLS, INC., *et al.*, | : | Case No. 05-10841 (MFW) |
| | : | Jointly Administered |
| Debtors.[1] | : | |
| | : | Related Doc. No. 917 |
| | : | |

## ORDER SUSTAINING FIRST OMNIBUS OBJECTION (NON-SUBSTANTIVE) TO CERTAIN CLAIMS PURSUANT TO SECTION 502 OF THE BANKRUPTCY CODE, RULES 3007 AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND BANKR. D. DEL. L.R. 3007-1

Upon the First Omnibus Objection (Non-Substantive) to Certain Claims pursuant to Section 502 of the Bankruptcy Code, Rules 3007 and 9014 of the Federal Rules of Bankruptcy Procedure and Bankr. D. Del L.R. 3007-1 (the "Objection"), filed by George L. Miller, the Trustee for the estate of The Brown Schools, Inc. *et al.* (the "Trustee"); and the Declaration of the Trustee's Accountants, attached as Exhibit "K" to the Objection (the "MCT Declaration"); and it appearing that good and sufficient notice of the Objection has been given and that no further notice of the Objection or entry of this order need be provided; and upon the entire record herein; and the Court having considered the Objection, the MCT Declaration and the Disputed Claims; and after due deliberation and good and sufficient cause appearing therefore;

---

[1] The Brown Schools, Inc. ("TBSI"), The Brown Schools Management Corporation ("Management"), The Brown Schools Education Corporation ("Education"), CEDU Education, Inc. f/k/a CEDU Family of Services, Inc. ("CEDU"), CEDU School, Inc. ("School"), North American Boarding Schools, Inc. ("North"), Rocky Mountain Academy, Inc. ("Rocky"), Northwest Academy, Inc. ("Northwest"), The Brown Schools of Florida, Inc. ("Florida"), The Brown Schools of Puerto Rico, Inc. ("Puerto Rico"), CEDU Holdings, Inc. ("Holdings"), CEDU Business Corporation ("CEDU Business"), Austin TBS, Inc. ("Austin"), The Brown Schools Business Corp. ("Business"), Healthcare Living Centers, Inc. ("Living"), Healthcare Rehabilitation Center of Austin, Inc. ("Rehabilitation"), The Brown Schools Behavioral Health System, Inc. ("Behavioral"), Travis TBS, Inc. ("Travis"), The Brown School of San Juan, Inc. ("San Juan"), Healthcare AHGI, Inc. ("AHGI"), Elmwood Management Company, Inc. ("Elmwood"), Glenwood Management Company, Inc. ("Glenwood"), TBS Holdings, Inc. ("TBS Holdings"), and TBS Administrative Corp. ("TBS Administrative") (collectively, the "Debtors").

IT IS HEREBY FOUND THAT

A. Capitalized terms not otherwise defined in this Order shall have meanings ascribed to such terms in the Objection;

B. Each holder of a Disputed Claim listed in the Objection on Exhibit "A," Exhibit "B," Exhibit "C," Exhibit "D," Exhibit "E," Exhibit "F," Exhibit "G," Exhibit "H," Exhibit "I," and Exhibit "J" (the "Claimants") was properly and timely served with a copy of the Objection;

C. The Objection is a core proceeding under 28 U.S.C. § 157(b)(2);

D. Any entity known to have an interest in the Disputed Claims has been afforded reasonable opportunity to respond or to be heard regarding the relief requested in the Objection;

E. On July 17, 2009 the Trustee filed Amended Exhibits A, B, C, D, E, and I (the "Amended Exhibits") [Docket No. 947] adding additional detailed information required by the Court at the initial hearing on the Objection held June 24, 2009;

F. Each of the Disputed Claims listed on Amended Exhibit "A" was filed in the wrong Debtor case due to clerical error;

G. Each of the Disputed Claims listed on Amended Exhibit "B" was asserted against the incorrect Debtor entity;

H. Each of the Disputed Claims listed on Amended Exhibits "C," "D," and "E," was improperly classified, either in whole or part;

I. Each of the Duplicate Claims listed on Amended Exhibit "I" is a duplicate of another claim that was filed in the Debtors' bankruptcy case;

J. The relief requested in the Objection is in the best interest of the Debtors' estate, creditors, and other parties in interest; and it is therefore

**ORDERED, ADJUDGED AND DECREED THAT**

1. The Objection is **GRANTED** to the extent expressly provided herein.

2. Pursuant to Sections 105(a) and 502(b) of the Bankruptcy Code, each of the Disputed Claims identified on Amended Exhibit "A" hereto should be disallowed ~~and expunged~~ in the cases of the Debtors because these Proofs of Claim were filed in the wrong bankruptcy case.

3. Pursuant to Sections 105(a) and 502(b) of the Bankruptcy Code, each of the Disputed Claims identified on Amended Exhibit "B" should be deemed filed against the respective Debtor entities in the respective amounts as indicated in the column entitled "Modified Debtor Classification" attached on Amended Exhibit "B."

4. Pursuant to Sections 105(a) and 502(b) of the Bankruptcy Code, each of the Disputed Claims identified on Amended Exhibit "C" should be reclassified from a priority claim to the status as indicated in the column entitled "Modified Claim" attached on Amended Exhibit "C."

5. Pursuant to Sections 105(a) and 502(b) of the Bankruptcy Code, each of the Disputed Claims identified on Amended Exhibit "D" should be reclassified from a secured claim to the status as indicated in the column entitled "Modified Claim" attached on Amended Exhibit "D."

6. Pursuant to Sections 105(a) and 502(b) of the Bankruptcy Code, each of the Disputed Claims identified on Amended Exhibit "E" should be reclassified from an unsecured claim to the priority status as indicated in the column entitled "Modified Claim" attached on Amended Exhibit "E."

7. Pursuant to Sections 105(a) and 502(b) of the Bankruptcy Code, each of the Disputed Claims identified on attached Exhibit "H" should be disallowed as claims filed after the Bar Date.

8. Pursuant to Sections 105(a) and 502(b) of the Bankruptcy Code, each of the Duplicate Claims identified on Amended Exhibit "I" (which are not marked as continued) should be disallowed ~~and expunged~~ as duplicate claims and the remaining claim should be allowed as set forth on the attached Amended Exhibit "I," without prejudice to the Trustee's right and ability to raise any further objection.

9. The Court shall retain jurisdiction over the Debtors and the Claimants whose claims are subject to the Objection with respect to any matters related to or arising from the implementation of this Order.

10. Each Claim and the Objection by the Trustee constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order shall be deemed a separate Order with respect to each claim. Any stay of this Order pending appeal by any of the Claimants whose claims are subject to the contested matter which involves such Claimants and shall not act to stay the applicability and/or finality of this Order with respect to other contested matters covered hereby.

11. This Order is without prejudice to the Trustee's right to amend, modify, or supplement the Objection, or to file additional non-substantive or substantive objections, to each of the Disputed Claims, including, without limitation, objections as to the amount, priority, validity, timeliness or proper filing of the Disputed Claims, or any other claims (whether filed or not filed) against the Debtor.

12. This Order does not affect any claims, rights or remedies the Trustee has or may have against the Claimants in respect of any amounts owed to the Debtors' estate by any Claimant under Chapter 5 of the Bankruptcy Code, including without limitation the right to seek disallowance of a Claim pursuant to Section 502(d) of the Bankruptcy Code.

Dated: This 29th day of July 2009

BY THE COURT:

Honorable Mary F. Walrath
United States Bankruptcy Court Judge